IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BEVERLY LIPSEY,

                Plaintiff,

v.                                         Case No. 07-2279-KHV

CESSNA AIRCRAFT COMPANY,

                Defendant.

## **ORDER**

This matter comes before the court upon defendant's Motion to Designate Wichita as Place of Docketing, Maintenance, and Trial (Doc. 10). Plaintiff filed a timely response (Doc. 12), to which defendant has replied (Doc. 15). Therefore**,** the issues are ripe for disposition.

**I.     Background**

The plaintiff's complaint asserts claims against defendant for breach of contract and violation of plaintiff's rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1).[1] Plaintiff filed her case on June 28, 2007 designating Kansas City as the place of trial. Defendant requests that the undersigned issue an intra-district transfer order transferring the case to Wichita for docketing, maintenance, and trial because the parties, witnesses, and all counsel reside in or around Wichita. Plaintiff contends that her choice of forum should be given deference.

**II.    Preliminary Issue: "Docketing" and "Maintenance"**

In *Mack v. Hawker Beechcraft Corp.*, the Honorable Julie A. Robinson granted defendant's request to transfer the case from Kansas City to Wichita as the place of trial, but denied defendant's request to transfer the case from Kansas City to Wichita for the purposes of docketing and

---

[1]Amended Complaint (Doc. 2).

maintenance.[2]  Specifically, Judge Robinson noted:

> in this age of electronic case filing, it is largely irrelevant where a case is docketed. Whether a docket clerk sitting at a desk in Wichita dockets the parties' pleadings, or a docket clerk in Kansas City or Topeka does so, it has little effect on the convenience or practice of the parties. All parties are required to file pleadings electronically. All pleadings are docketed electronically. And all parties can view, download, and print the pleadings electronically. In this district, there are no paper files in most civil cases; the file solely consists of the electronic pleadings. Thus, it matters not where the case is docketed. Indeed, here, plaintiff filed the case in Kansas City, it was assigned a Kansas City case number, the presiding district judge and the assigned docket clerk are located in Topeka, and the presiding magistrate judge is located in Kansas City. To the extent this means that the case is docketed and maintained in Kansas City or in Topeka, the Court denies defendant's request that the case be transferred to Wichita for docketing and maintenance.[3]

As to the issue of docketing and maintenance, defendant acknowledges that "electronic filing does make practice in a remote court less troublesome for the parties and counsel" but contends that "it is not without possible inconvenience" because "counsel and sometimes the parties themselves are required (or may choose) to attend hearings on pretrial motions."[4]

Here, the court adopts Judge Robinson's analysis in *Mack* and denies defendant's request to transfer the "docketing" and "maintenance" of this case to Wichita.  Since the parties and the clerk's office docket electronically, where the parties "docket" matters little.  As to "maintenance" regarding pretrial issues, the undersigned conducts the parties' scheduling conference by telephone, and requires counsel, but not parties, to appear in person only at the final pretrial conference in Topeka, Kansas, a mere two hour drive from Wichita.[5]

---

[2] No. 07-2118-JAR, 2007 U.S. Dist. LEXIS 69738 (D. Kan. Sept. 19, 2007).

[3] *Id.* at *1-2.

[4] Reply (Doc. 15) at p. 3.

[5] The undersigned recently addressed a similar issue in *Pope v. Quivira Counsel, Boy Scouts of America*, Case No. 06-2130-KHV, and transferred the case at defendant's request to Wichita.  In that order, the court also stated that "from this date forward, the place of docketing,

2

**III.    Legal Standard as to Transfer of Place of Trial**

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[6] Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." While the court recognizes Kansas comprises only one judicial district, the statute further provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."[7]

The party seeking transfer has the burden of proving that the existing forum is inconvenient.[8] Advancing the opportunity for a case-by-case review of convenience and fairness, Section 1404(a) affords a district court broad discretion in deciding a motion to transfer.[9]   In evaluating a transfer under Section 1404(a), the court considers plaintiff's choice of forum, the convenience for witnesses,

---

maintenance and trial of the above captioned case shall be in Wichita, Kansas." In *Pope*, the parties' pretrial order and a motion for summary judgment had already been filed when the court transferred the case and made the ancillary statement that the case's further maintenance should occur in Wichita. However, in *Mack* discovery had just begun when Judge Robinson issue her transfer order and in the instant case discovery has yet to commence. Accordingly, while the location of the "maintenance" of the case in *Pope* mattered little, in the instant case, as in *Mack*, the court has reason to deny defendant's request to conduct the docketing and maintenance of this case in Wichita.

[6] *Aramburu v. The Boeing Company*, 896 F. Supp. 1063, 1064 (D. Kan. 1995).

[7] 28 U.S.C. § 1404(c).

[8] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[9] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

3

the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[10]

## IV. Analysis

### A. Plaintiff's Choice of Forum

Defendant notes that plaintiff does not reside in Kansas City. Rather, she resides in Sedgwick County, Kansas, where defendant proposes to transfer the case for future proceedings. Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed.[11] But because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.[12] Although the court considers plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so."[13] Therefore, the court gives less weight to plaintiff's choice of forum as she does not reside in the Kansas City, Kansas area.

### B. Convenience and Accessibility of the Witnesses

When comparing the convenience and accessibility for witnesses testifying in Kansas City or Wichita, the court notes that Wichita is the more logical place for trial. As the courts in this

---

[10] *Taher v. Wichita State Univ.*, No. 06-2131, 2007 U.S. Dist. LEXIS 29139, at *9 (D. Kan. Apr. 18, 2007). *See also Jones v. Wichita State Univ.*, No. 06-2132, 2007 U.S. Dist. LEXIS 29185, at *8 (D. Kan. Apr. 19, 2007).

[11] *Id.*

[12] *Spires v. Hospital Corp. of Am.*, No. 06-2137, 2006 U.S. Dist. LEXIS 37878, at *5-6 (D. Kan. June 8, 2006).

[13] *Id.* at *3.

4

district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.[14] With this in mind, the court notes, and plaintiff does not dispute, that most, if not all, of the witnesses, parties, and attorneys reside in Wichita. By contrast, none reside in Kansas City. With absolutely no connection to Kansas City, there is little difficulty in finding that Wichita is a more convenient forum for this case.

The court must also find that Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient.[15] This finding is easily met when considering the forum of Kansas City for all parties and their witnesses. This case involves plaintiff's employment at defendant Cessna's manufacturing facility in Wichita, where Cessna is also headquartered. While discovery has yet to commence, plaintiff does not dispute that all witnesses, including the parties, and all sources of proof currently are located in Wichita. Thus, witnesses and documentation will be much less accessible in Kansas City. Further, all witnesses will be substantially inconvenienced if required to travel three hours one-way from Wichita to Kansas City to testify at trial. Some witnesses may even be required to stay overnight. Therefore, the court finds that the convenience and accessibility of witnesses weighs in favor of conducting a trial in Wichita.

### C. Fair Trial

Plaintiff contends that it is unclear whether she may receive a fair trial in Wichita as defendant is an established employer with a reputation in Wichita. Plaintiff requests she be allowed to scientifically test the community attitude and present the court with evidence regarding a fair trial.

---

[14] *Id.* (citing *Meek & Associates, Inc., v. First Union Ins. Group, 99-2519-CM, 2001 U.S. Dist. LEXIS 555, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001)* (Convenience of the non-party witnesses is the most important factor to be considered.").

[15] *Taher*, 2007 U.S. Dist. LEXIS 29139, at *6.

Defendant counters that there are no obstacles to a fair trial in Wichita and that any concerns regarding a fair trial can be addressed during voir dire of prospective jurors. The court agrees with defendant's position as there are no facts that suggest an adequate jury pool cannot be found in Wichita.

### D. Other Considerations

Defendant argues that all other considerations weigh in favor of a trial in Wichita. She asserts that trial in Wichita will minimize delays in calling witnesses, and thus make more efficient use of jurors' and court time. Defendant also argues that counsel for all parties are located in Wichita. Plaintiff notes that counsel for both plaintiff and defendant operate Kansas City law offices as well as Wichita offices.

The court agrees that trial in Wichita will minimize delays in calling witnesses, and thus make more efficient use of jurors' and court time. Any argument regarding convenience of counsel is given little weight, if any.[16]

The court notes that the district judge to whom this case currently is assigned is located in Kansas City; thus, the convenience of the court weighs in favor of a trial in Kansas City.

However, considering all factors, the court finds that defendant has set forth a strong case for transfer for trial. The court concludes that the balance of factors strongly outweighs plaintiff's choice of forum.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion to Designate Wichita as Place

---

[16] *See Aramburu,* 896 F. Supp. at 1063 (location of plaintiff's counsel in Topeka was not sufficient to support trying case in Topeka when witnesses and evidence were located in Wichita).

of Docketing, Maintenance, and Trial (Doc. 10) is granted in part and denied in part.  The case will not be transferred for docketing and maintenance but will be transferred to Wichita for trial.

**IT IS SO ORDERED.**

Dated this 12th day of October, 2007, at Topeka, Kansas.

   s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge